IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 09-020 |
| | : | |
| ELI LILLY AND COMPANY | : | |

## JUDGMENT AND ORDER OF FORFEITURE

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(p), has moved for entry of a Judgment and Order of Forfeiture. In consideration of the motion, and the plea agreement entered into between the government and defendant Eli Lilly and Company (Eli Lilly), the Court finds as follows:

1. As a result of defendant's conviction for violating 21 U.S.C. §§ 331(a), 333(a)(1) and 352(f)(1), for which the government sought forfeiture, all defendant's right, title, and interest in any quantity of Zyprexa that is misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331, be introduced into interstate commerce, is subject to forfeiture to the United States pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 334.

2. Based upon defendant's plea agreement, the following property is subject to forfeiture as a result of defendant's conviction, and the government has established the requisite nexus between this property and the charged offense:

> Any quantities of Zyprexa, which between September 1999 and March 31, 2001 were misbranded when introduced into or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331, be introduced into interstate commerce.

3. As agreed in the plea agreement, because of the acts or omissions of defendant, forfeitable property, that is, quantities of misbranded Zyprexa ("the unavailable property") is no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p).

4. As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States is entitled to an order forfeiting other property of defendant up to the value of the unavailable property.

5. As agreed in the plea agreement, the value of the unavailable property is $100,000,000.

6. Under the terms of the plea agreement, defendant has agreed to pay the $100,000,000 to the government within 10 business days of the date of sentencing, this sum representing the value of the substitute assets forfeitable as a result of the offense to which it is pleading guilty, in full satisfaction of the judgment and preliminary order of forfeiture.

THEREFORE IT IS HEREBY ORDERED THAT:

1. A personal forfeiture money judgment is entered against defendant Eli Lilly and Company in the amount of $100,000,000, in favor of the United States pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. §§ 334 and 853(p).

2. Upon payment by defendant of the $100,000,000 to the government, all right, title and interest of defendant in the $100,000,000 is forfeited to the United States.

3. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Judgment and Order of Forfeiture shall become final as to defendant at sentencing and shall be made part of the sentence and included in the judgment.

4. The Court shall retain jurisdiction to enforce this Judgment and Order of Forfeiture,

and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

5. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Order of Forfeiture to the United States Marshals Service and to counsel for the parties.

ORDERED this 30th day of Jan., 2009.

BY THE COURT:

_Robert F. Kelly_
HONORABLE ROBERT F. KELLY
*Senior Judge, United States District Court*

xc: Speedy Trial
AUSA C. Votaw (1cc)
T. Gallagher, Esq. (1cc)
Probation (2cc)
Marshals (3cc)
Pretrial (1cc)

3